[Cite as *Am. Express Bank, FSB v. Olsman*, 2018-Ohio-481.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| AMERICAN EXPRESS BANK, FSB, | : | |
| Plaintiff-Appellee, | : | Case No. 17CA3800 |
| v. | : | |
| | | DECISION AND |
| KLAAS OLSMAN, et al., | : | JUDGMENT ENTRY |
| Defendants-Appellants. | : | RELEASED 02/07/2018 |

**APPEARANCES:**

Klaas Olsman, Portsmouth, Ohio, *pro se* Appellant.

Christopher J. Arlinghaus and Rachel Pearson, Zwicker & Associates, P.C., Hebron, Kentucky, for appellee.

Hoover, P.J.

{¶ 1} This appeal arises from two actions to collect a debt filed in the Portsmouth Municipal Court. Plaintiff-appellee, American Express Bank, FSB ("AMEX"), sued defendant-appellant, Klaas Olsman ("Olsman") and defendant Holland Investment Inc., to collect the debt owing on two business credit card accounts. Ultimately, the actions were consolidated and AMEX was awarded summary judgment in its favor. For the following reasons, we affirm the judgment of the trial court.

**I. Facts and Procedural Posture**

{¶ 2} On some unknown date, Olsman, and/or defendant Holland Investment Inc., applied for business credit card accounts with AMEX. Olsman is a "representative" of Holland

Investment Inc.[1] An AMEX SimplyCash Business Credit Card with account number ending in

2000 lists Holland Investment Inc., and Olsman's name individually on billing statements. An

AMEX Business Green Card with account number ending in 4003 lists Holland Investment Inc.,

and Olsman's name individually on billing statements.

{¶ 3} On May 11, 2016, AMEX filed a complaint against Olsman (original Case Number

CVF 1600511) alleging default, and to collect the sum of approximately $4,871.68 due on the

credit card with account number ending in 2000. Shortly thereafter, on May 19, 2016, AMEX

sued Olsman and Holland Investment Inc. (original Case Number CVF 1600544) alleging

default, and to collect the sum of approximately $8,438.93 due on the credit card with account

number ending in 4003.

{¶ 4} The defendants filed an answer in each case denying the allegations. The trial court

eventually consolidated the two cases, with consolidated proceedings being conducted in Case

Number CVF 1600511.

{¶ 5} Following consolidation, AMEX filed a motion for summary judgment. Olsman

did not file a memorandum contra to the motion for summary judgment. However, he did file an

affidavit in response in which he averred that he opened the two credit card accounts as acting

representative of Holland Investment Inc., that the debts were incurred for the benefit of Holland

Investment Inc. only, and that he never accepted personal liability for the amounts due on either

account.

{¶ 6} On April 25, 2017, the trial court rendered a written decision and judgment entry

granting AMEX's motion for summary judgment. Olsman was ordered to pay AMEX the

---

[1] In his appellate brief, Olsman contends that he is a shareholder of Holland Investment Inc. [Appellate Brief at p. 5.]

balance of the account with numbers ending in 2000 in the amount of $4,871.68; and Olsman

and Holland Investment Inc. were ordered to pay, jointly and severally, the balance of the

account with numbers ending in 4003 in the amount of $8,437.32. The defendants were further

ordered to pay AMEX's costs in pursuing the judgment, plus any additional costs to be incurred

in the execution of judgment.

{¶ 7} Olsman filed a timely notice of appeal.[2]

## II. Assignment of Error

{¶ 8} Olsman's brief contains no assignments of error as required by App.R. 16(A).

Because appeals are decided on the basis of assignments of error, *see* App.R. 12(A)(1)(b), we

technically have nothing to review in this case; and we would be justified in summarily affirming

the trial court's judgment. *See In re Guardianship of Freeman,* 4th Dist. Adams No. 02CA737,

2002-Ohio-6386, ¶ 2, fn. 1; *King v. King*, 4th Dist. Adams No. 01CA719, 2002 WL 398716, *3

(Mar. 8, 2002); *City Loan Fin. Servs. v. Koon*, 4th Dist. Hocking No. 95CA8, 1996 WL 502137,

*1 (Sep. 3, 1996). Nevertheless, because this Court affords considerable leniency to pro se

litigants, we believe the interests of justice are better served by reviewing the merits of this case.

{¶ 9} Generally, Olsman contends that the trial court erred by granting AMEX's motion

for summary judgment. Olsman does not contest the creation of the accounts and the amount of

debt incurred. He does, however, contest his personal liability for the claims. AMEX, on the

other hand, asserts that Olsman is personally liable for repayment of the charges on the accounts

according to the terms of the account agreements.

## III. Law and Analysis

---

[2] Holland Investment Inc. did not file a notice of appeal.

**A. Standard of Review**

{¶ 10} We review the trial court's decision on a motion for summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. Accordingly, we afford no deference to the trial court's decision and independently review the record and the inferences that can be drawn from it to determine whether summary judgment is appropriate. *Harter v. Chillicothe Long–Term Care, Inc.*, 4th Dist. Ross No. 11CA3277, 2012-Ohio-2464, ¶ 12; *Grimes v. Grimes*, 4th Dist. Washington No. 08CA35, 2009-Ohio-3126, ¶ 16.

{¶ 11} Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the nonmoving party's favor. Civ.R. 56(C). The party moving for summary judgment bears the initial burden to demonstrate that no genuine issues of material fact exist and that they are entitled to judgment in their favor as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); *Dresher* at 293. Moreover, the trial court may consider evidence not expressly mentioned in Civ.R. 56(C) if such evidence is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Discover Bank v. Combs*, 4th Dist. Pickaway No. 11CA25, 2012-Ohio-

3150, ¶ 17; *Wagner v. Young*, 4th Dist. Athens No. CA1435, 1990 WL 119247, *4 (Aug. 8, 1990). Once that burden is met, the nonmoving party then has a reciprocal burden to set forth specific facts to show that there is a genuine issue for trial. *Dresher* at 293; Civ.R. 56(E).

## B. Olsman is Personally Liable for the Debts

{¶ 12} Generally, officers of a corporation will not be held individually liable on contracts entered into on behalf of the corporation *unless they bind themselves, intentionally or inadvertently, as an individual. Wells Fargo Bank, NA v. WSW Franchising, Inc.*, 10th Dist. Franklin No. 09AP-26, 2009-Ohio-3845, ¶ 13; *Heritage Bank, Inc. v. Barclay*, 1st Dist. Hamilton No. C-950476, 1996 WL 194243, *1 (Apr. 24, 1996); *J.D.S. Properties v. Walsh*, 8th Dist. Cuyahoga No. 91733, 2009-Ohio-367, ¶ 18.

{¶ 13} To support its claims, AMEX attached several documents pertaining to each account to the complaints filed with the trial court.[3] These documents included monthly account statements, as well as Cardmember Agreements.

{¶ 14} The Cardmember Agreement for the account ending in 2000 confirms that Olsman was the "cardmember". Holland Investment Inc. is listed as the "company" name. A nearly identical agreement for the account ending in 4003 confirms Olsman as "cardmember", and also lists Holland Investment Inc. as the "company" name.

{¶ 15} The Cardmember Agreements provide:

---

[3] AMEX also contends that these documents were attached as exhibits to the Affidavit of Raquel Hernandez filed with the motion for summary judgment. However, the record on appeal does not include the Affidavit of Raquel Hernandez or the referenced exhibits.

When you or an Additional Cardmember, as defined below, use the Account (or sign or keep a card), you and the Additional Cardmember agree to the terms of the Agreement.

* * *

You promise to pay all charges, including:

charges you make, even if you do not present your card or sign for the transaction,

charges that other people make, whether or not you or an Additional Cardmember intend to let them use the Account, subject to applicable law, and

charges that Additional Cardmembers make or permit others to make.

[Complaint CVF 1600511, Exhibit B, p. 5.; Complaint CVF1600544, Exhibit B, p. 1.]

{¶ 16} The Cardmember Agreements define terms used as follows:

*We*, *us*, and *our* mean the issuer shown on page 1 of Part 1. Except as provided below, ***Basic Cardmember*** means the person who applied for this Account or to whom we address billing statements. ***Company*** means the business for which the Account is established. ***You*** and ***your*** mean the Basic Cardmember and the Company. You agree, jointly and severally, to be bound by the terms of this Agreement.

(Emphasis sic.) [Complaint CVF 1600511, Exhibit B, p. 5.; Complaint CVF1600544, Exhibit B, p. 1.]

{¶ 17} Here, Olsman was the Basic Cardmember to whom billing statements for the credit cards were addressed. Holland Investment Inc., was the "Company" for whom the accounts were established. By using the accounts or keeping or signing the cards, Olsman and Holland Investment Inc. agreed jointly and severally to be bound by the terms of the agreement, including the promise to pay all charges. *Accord In re Achtor*, Bankr.W.D.Wisc. No. 14-13286-13, 2015 WL 4638503, *2 (Aug. 3, 2015) (considering credit card agreement with very similar language); *In re Fairfield*, 455 B.R. 849, 856 (Bankr.E.D.Pa.2011) (considering credit card agreement with very similar language); *Moore v. Am. Express Bank, FSB*, Bankr.M.D.Pa. No. 1:14-bk-03779-MDF, 2016 WL 1177845, *5 (Mar. 23, 2016) (considering credit card agreement with very similar language); *Am. Express Bank, FSB v. Knapp*, 11th Dist. Lake No. 2015-L-069, 2016-Ohio-762, ¶ 14 (finding cardmember personally liable on account with credit card agreement with very similar language). Thus, Olsman is personally liable for the credit card debts.

{¶ 18} On a final note, Olsman argues that because there was never any evidence produced showing that he signed a document guaranteeing any debt of Holland Investment Inc., he cannot be held personally liable. [Appellate Brief at p. 5.] The Cardmember Agreements provide that they are governed by Utah law. [Complaint CVF 1600511, Exhibit B, p. 9; Complaint CVF1600544, Exhibit B, p. 5.]  "Utah law provides that a credit card agreement is binding if the cardholder is provided a written copy of the agreement, the agreement provides that use of the card constitutes acceptance, and the cardholder uses the card after receiving the agreement." *Knapp* at ¶ 21, citing *MBNA Am. Bank, N.A. v. Goodman*, 140 P.3d 589, 592 (Utah App.2006); *see also* Utah Code Ann. § 25-5-4(2)(e). Here, Olsman has not alleged that he did not receive the Cardmember Agreements. The Cardmember Agreements provide that use of the

cards constitute acceptance of the terms. Finally, it is undisputed that the cards were used, and there is no allegation that they were used by an unauthorized person. Therefore, the fact that Olsman did not sign the Cardmember Agreements for each account does not preclude a finding that he is bound by their terms.

## IV. Conclusion

{¶ 19} For the foregoing reasons, we find that the arguments raised by Olsman are without merit. Conversely, we conclude that Olsman is personally liable for the credit card debts under the terms of the Cardmember Agreements. Because no genuine issues of material fact exist, and because AMEX is entitled to judgment as a matter of law, we affirm the summary judgment awarded to AMEX.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., and McFarland, J.: Concur in Judgment and Opinion.

For the Court

By:_____

Marie Hoover, Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**