[Cite as *Tatman v. Vermeer*, 2019-Ohio-2110.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| Caterpillar Financial Services Corporation, | : | Case No. 18CA3646 |
| | : | |
| Plaintiff-Appellee, | | |
| | : | |
| v. | | DECISION AND |
| | : | JUDGMENT ENTRY |
| Harold Tatman and Son's Enterprises, Inc., et al., | : | |
| | | |
| Defendants/Third-Party Plaintiffs-Appellants, | : | |
| | : | |
| v. | | |
| | : | |
| Vermeer Midwest, Inc., et al., | : | **RELEASED: 05/22/2019** |
| | : | |
| Third-Party Defendants-Appellees. | : | |

APPEARANCES:

Mark D. Tolles, II and Michael L. Benson, Benson & Sesser, LLC, Chillicothe, Ohio for Defendants/Third-Party Plaintiffs-Appellants.

Joel Sechler and Michael Carpenter, Carpenter Lipps & Leland LLP, and Melissa Stull, Soule & Stull, Minneapolis, Minnesota for Third-Party Defendants-Appellees.

Hess, J.

{¶1}   Defendant/Third-Party Plaintiffs-Appellants, Harold Tatman and Son's Enterprises, Inc. ("Tatman and Son's"), Delbert Tatman, and Douglas Tatman (Tatman and Son's and the two individual Tatmans are collectively "Tatmans") appeal the trial court's multiple grants of summary judgment to Third-Party Defendant-Appellee, Vermeer Manufacturing Company ("Vermeer") on Tatmans' claims against Vermeer. The trial court held that Tatmans' claims against Vermeer were barred by the applicable statute of

limitations.   After the trial court issued summary judgment in favor of Vermeer, which disposed of all the remaining claims in the case, the trial court granted a second summary judgment on the substantive merits of Tatmans' claims.

{¶2}   The Tatmans raise three assignments of error for our review. First, the Tatmans contend that the trial court erred in granting summary judgment on the statute of limitations ground because the trial court incorrectly applied a two-year rather than a four-year statute of limitations. They argue that even if a two-year statute of limitations applies, it did not accrue until sometime after they filed their amended third-party complaint. Alternatively, they argue that their amended third-party complaint against Vermeer relates back to their original third-party complaint and thus should be deemed timely. Second, the Tatmans contend that the trial court erred in overruling their motion for discovery sanctions. Last, the Tatmans contend that the trial court erred in granting Vermeer summary judgment on the substantive merits of their claims.

{¶3}   At the outset we find the individual claims of Delbert and Douglas Tatman were determined with finality by the trial court's prior judgment dismissing them under Civ.R. 12(B)(6). Neither Delbert nor Douglas appealed the trial court's judgment. In our prior decision we specifically noted that Delbert and Douglas Tatman were not parties to the appeal and we addressed only the claims of Tatman and Son's.  Therefore, Delbert and Douglas Tatman's appeals are untimely.

{¶4}   Next we find that the trial court's second summary judgment order addressing the merits of the claims against Vermeer is a void judgment and thus a nullity. The trial court issued a final, appealable order when it determined that Tatman and Son's claims were barred by the statute of limitations. This first order was filed on the

appearance docket before the second summary judgment order, it resolved all outstanding claims against the remaining parties, and it was a final appealable order. Jurisdiction exercised by a trial court after the entry of a final judgment that is not within the scope of the Ohio Rules of Civil Procedure is void. And a modification or vacation of a final judgment in a manner not provided for by the Rules is void and a nullity. Thus, we find that the second summary judgment granted to Vermeer is a void judgment and we have no jurisdiction to review it.

**{¶5}** In this appeal we have jurisdiction over one appellant – Tatman and Son's – and one order – the first summary judgment granted to Vermeer on statute of limitations grounds. We find: (1) the trial court did not abuse its discretion when it denied Tatman and Son's request for discovery sanctions; (2) the two-year statute of limitations in R.C. 2305.10(A) applies to the claims; (3) the amended third-party complaint does not relate back to the original third-party complaint; and (4) Tatman and Son's claims are barred by the statute of limitations.

**{¶6}** We affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

**{¶7}** Tatman and Son's purchased a Vermeer Horizontal Grinder from Vermeer Heartland, Inc. in May 2009. Caterpillar Financial Services held the financing contract, Vermeer, the manufacturer, provided a written warranty for the grinder, and Caterpillar, Inc. and Vermeer Heartland provided warranties for the engine. In November 2012, Caterpillar Financial Services filed an action against Tatman and Son's, Douglas, Dwayne, and Delbert Tatman for breach of contract and replevin, alleging that Tatman and Son's had defaulted on their payment obligations and that the individual Tatmans

had breached their personal guarantees. In February 2013, Tatmans filed a third-party complaint against Vermeer Midwest, Inc. and Caterpillar, Inc., but did not name Vermeer. Tatmans filed an amended third-party complaint adding Vermeer in September 2013. In November 2013, Tatmans filed a second amended third-party complaint.

**{¶8}**   Vermeer filed a motion to dismiss all the claims asserted in Tatmans' complaint, which the trial court granted. Tatman and Son's appealed. We reversed the trial court's judgment in part, finding that Tatman and Son's complaint stated claims for breach of implied warranty in tort and negligence.  Additional facts and procedural history are set out in our prior decision, *Caterpillar Fin. Servs. Corp. v. Harold Tatman and Son's Ents., Inc.*, 2015-Ohio-4884, 50 N.E.3d 955, ¶ 2-9 (4th Dist.).[1]

**{¶9}**   Upon remand, Vermeer filed a summary judgment motion arguing that Tatman and Son's claims were barred by the statute of limitations. Several months later Vermeer filed a second summary judgment motion on the merits of the breach of implied warranty in tort and negligence claims. Tatman and Son's opposed both motions.

**{¶10}**  The trial court granted Vermeer's first motion for summary judgment, finding that the two-year statute of limitations in R.C. 2305.10 barred Tatman and Son's claims and that the claims, which were first filed in September 2013, did not relate back to the filing date of the original third-party complaint under of Civ.R. 15(C). After that order was journalized on the appearance docket, the trial court entered a second order granting Vermeer's second motion for summary judgment on the merits of the claims.

**{¶11}**  The Tatmans appealed.

---

[1] The trial court granted summary judgment to Caterpillar Financial and the Tatmans settled all claims with the other third-party defendants, leaving Vermeer as the only remaining third-party defendant.

## II. ASSIGNMENTS OF ERROR

**{¶12}** The Tatmans designate three assignments of error for review:

I. THE TRIAL COURT ERRED IN GRANTING VERMEER MANUFACTURING COMPANY D/B/A VERMEER CORPORATION'S MOTION FOR SUMMARY JUDGMENT FILED ON DECEMBER 7, 2017.

II. THE TRIAL COURT ERRED IN OVERRULING TATMANS' MOTION FOR ORDER LIMITING USE OF VERMEER MANUFACTURING COMPANY D/B/A VERMEER CORPORATION'S UNTIMELY PRODUCED DOCUMENTS FILED APRIL 26, 2018.

III. THE TRIAL COURT ERRED IN GRANTING VERMEER'S SECOND MOTION FOR SUMMARY JUDGMENT FILED ON MARCH 16, 2018.

### III. Jurisdictional Issues

**{¶13}** Before addressing the merits of the errors assigned for our review, we must first consider several threshold jurisdictional issues. Ohio law provides that the courts of appeals in this state have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. In the event that a jurisdictional issue is not raised by the parties, then we must raise it sua sponte. *Whitaker–Merrell Co. v. Geupel Constr. Co.,* 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972); *In re Murray*, 52 Ohio St.3d 155, 159-160, 556 N.E.2d 1169, 1173-1174, fn. 2 (1990); *Kouns v. Pemberton,* 84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702 (4th Dist.1992). The two jurisdictional issues here involve the proper parties to this appeal and the several orders from which this appeal arises.

### A. Delbert and Douglas Tatman are not Third-Party Plaintiffs in this Action

**{¶14}** The notice of appeal identifies three appellants: Tatman and Son's, Delbert Tatman, and Douglas Tatman.[2] However, the trial court dismissed Delbert and Douglas

---

[2] Dwayne Tatman died during the pendency of the lawsuit and his claims were dismissed.

Tatman's individual claims against Vermeer in 2014 when the court granted Vermeer's Civ.R. 12(B)(6) motion. In its May 7, 2014 dismissal entry, the trial court stated that it had considered Vermeer's motion to dismiss the claims of the third-party plaintiffs "Harold Tatman and Son's Enterprises, Inc., Douglas D. Tatman, Dwayne A. Tatman, and Delbert E. Tatman (collectively, "Third Party Plaintiffs")" and found Vermeer's motion to be well taken and dismissed with prejudiced all the claims set forth in the Third-Party Plaintiffs' Third-Party Complaint. Only Tatman and Son's appealed the judgment and we reviewed only Tatman and Son's claims. We specifically noted that Douglas, Dwayne, and Delbert Tatman were not parties to the appeal and we did not review the trial court's dismissal of their individual claims. *Caterpillar Fin. Servs. Corp. v. Harold Tatman and Son's Ents., Inc.*, 2015-Ohio-4884, 50 N.E.3d 955, ¶ 6 (4th Dist.) ("The notice of appeal does not identify Douglas Tatman, Dwayne Tatman, or Delbert Tatman as parties to the appeal."). Thus, Douglas and Delbert Tatman's individual claims were dismissed in 2014, and their failure to appeal rendered the 2014 dismissal order final and binding upon them.

**{¶15}** Nevertheless, Douglas and Delbert Tatman are before us now arguing that they have individual claims for "loss of reputation" that should have survived Vermeer's summary judgment motions. Those claims did not survive the trial court's 2014 dismissal order. Douglas and Delbert Tatman are no longer Third-Party Plaintiffs in this action. Their attempt to join in this appeal to resurrect their individual claims years later is untimely. Because their appeal is untimely, we do not have jurisdiction to review it. *See Hughes v. A & A Auto Sales, Inc.*, 4th Dist. Lawrence No. 08CA35, 2009-Ohio-2278, ¶ 6 ("The timely filing of a notice of appeal under this rule [App.R. 4(A)] is a jurisdictional prerequisite to our review.").

{¶16} We dismiss Douglas and Delbert Tatman's untimely appeals for lack of jurisdiction.

### B. The Second Summary Judgment Order is Void and a Nullity

{¶17} Vermeer filed two summary judgment motions. The first motion raised a statute of limitations defense, and the second one, filed three months later, addressed the substantive merits of Tatman and Son's claims. The trial court granted both motions in Vermeer's favor. When the court journalized the order granting summary judgment on statute of limitations grounds first on the appearance docket, it became the final judgment in the case. *Krasny v. Metropolitan Life Ins. Co.,* 143 Ohio St. 284, 289, 54 N.E.2d 952, 955 (1944) ("A court speaks only through its journal and no finding, decision or judgment is rendered until an entry is duly prepared and filed with the clerk for journalization."); *State v. Detamore,* 4th Dist. Athens No. 00C035, 2001-Ohio-2420, *2. The trial court's first summary judgment order finding Tatman and Son's claims barred by the statute of limitations is a final, appealable order. The order fully resolved all pending claims in favor of Vermeer and dismissed the third-party complaint in its entirety with prejudice.

{¶18} Because the first summary judgment order was a final judgment, the trial court lacked jurisdiction to otherwise modify that final judgment with a second summary judgment order. *See Children's Hosp. v. Paluch,* 9th Dist. Summit No. 26189, 2012-Ohio-4137, ¶ 11-13, 15 (because the trial court had already issued a summary judgment order in the hospital's favor and that entry was a final judgment, the trial court lacked jurisdiction to grant the hospital's second motion for summary judgment because any disposition would necessarily modify its prior final judgment). "It is well settled that a trial court loses jurisdiction over a case after issuing the final judgment that resolves all claims before it."

*In Re: Criminal Charges Against Groves,* 4th Dist. Hocking No. 17CA9, 2018-Ohio-1406,

¶ 22, citing *Allstate Ins. v. Witta*, 9th Dist. Summit No. 25738, 2011–Ohio–6068, ¶ 8-9

("This Court has consistently treated actions taken by the trial court subsequent to the

entry of a final judgment that are not within the scope of the Ohio Rules of Civil Procedure

[motions pursuant to Civ.R. 60(B), Civ.R. 50(B), and Civ.R. 59] as void."). Any attempt to

modify a final judgment would be a nullity. *Id.* If a trial court does act outside of the specific

post-judgment motions set forth in the civil rules, its ruling will be considered void. *Pitts v.*

*Ohio Dept. of Transp.,* 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981).

**{¶19}** Accordingly, after the trial court entered the first summary judgment order,

it lacked jurisdiction to grant Vermeer's second motion for summary judgment and the

second order, "Order Granting Vermeer Manufacturing Company D/B/A Vermeer

Corporation's Second Motion for Summary Judgment" is void and a nullity. Because that

order is void, we are without jurisdiction to rule on it and dismiss that portion of Tatman

and Sons's appeal. Thus, we will not address Tatman and Son's third assignment of error,

which challenges the second summary judgment order.

**{¶20}** Tatman and Son's second assignment of error challenges the trial court's

decision not to overrule the first summary judgment motion as a discovery sanction.

Therefore we will address this second assignment of error before turning to the merits of

the first assignment of error, which raises substantive challenges to the trial court's grant

of that summary judgment motion.

IV.      Discovery Sanctions

**{¶21}** Tatman and Son's filed their second amended third-party complaint and

sent interrogatories and document production requests to Vermeer in November 2013.

Vermeer responded to the complaint with a motion to dismiss under Civ.R. 12(B)(6) and asked the trial court for a protective order under Civ.R. 26(C)(1) to stay discovery pending a decision on its motion. Tatman and Son's opposed the stay and sought an order compelling discovery. The trial court granted Vermeer's motion to dismiss, dismissed Vermeer from the lawsuit, and denied Tatman and Son's motion to compel discovery as moot. Tatman and Son's appealed Vermeer's dismissal and requested a stay of all discovery pending their appeal. The trial court stayed the litigation, including all discovery, pending the conclusion of Tatman and Son's appellate proceedings.

{¶22} Although the appellate decision issued in November 2015, the case was not reactivated until June 2017 when the trial court established a pretrial schedule and gave all parties until mid-July 2017 to supplement existing discovery or seek additional non-expert discovery. However, at that same time the trial court referred the case to mediation and it appears that none of the parties supplemented discovery while mediation efforts were underway. The parties' mediation efforts concluded unsuccessfully in mid-August 2017. Vermeer and Tatman and Son's supplemented their discovery responses in October 2017.

{¶23} In order to facilitate discovery, including the production of sensitive, proprietary, or confidential documents, the parties jointly moved for a protective order, which the trial court granted in mid-December 2017. Then the parties engaged in expert-related discovery in accordance with the court's scheduling order from December 2017 through March 2018. On March 9, 2018 Tatman and Son's noticed the deposition of Vermeer's expert, John Gardner, and requested he produce an itemized list of nine categories of documents at his deposition a week later on March 16, 2018.

**{¶24}** Next Vermeer filed its second summary judgment motion on the merits of Tatman and Son's claims, Caterpillar's expert witness Landon Wellman was deposed, Tatman and Son's filed their opposition to Vermeer's second summary judgment motion, which relied in part on Wellman's testimony concerning alleged manufacturing defects, and Vermeer provided supplemental documents to Tatman and Son's. After Vermeer's document supplementation, Tatman and Son's filed a motion for sanctions against Vermeer, arguing that it should have produced the supplemental documents at Gardner's deposition, if not earlier.

**{¶25}** Tatman and Son's sought the following sanctions: (1) to prevent Vermeer from using any of the supplemental documents as evidence at trial; (2) to allow Tatman and Son's to cross-examine witnesses about the disclosure or nondisclosure of the documents; (3) to overrule Vermeer's first summary judgment motion (the statute of limitations motion); (4) to overrule Vermeer's second summary judgment motion (the merit-based motion); and in the alternative (5) to allow for Tatman and Son's second deposition of Gardner at Vermeer's expense and (6) to allow Tatman and Son's to file a supplemental brief to the second summary judgment motion.

**{¶26}** The trial court did not rule on Tatman and Son's motion for discovery sanctions. When a trial court does not expressly rule upon a motion, it is deemed denied when a court enters final judgment. *Comisford v. Erie Ins. Property Cas. Co.*, 4th Dist. Gallia No. 10CA3, 2011-Ohio-1373, ¶ 24 ("although the trial court did not explicitly rule on the request for a continuance, 'motions that a trial court fails to explicitly rule upon are deemed denied once a court enters final judgment.' "); *Wolford v. Sanchez,* 9th Dist. Lorain No. 05CA008674, 2005-Ohio-6992, ¶ 41 ("motions not ruled upon are deemed

denied"). The case never proceeded to trial so the trial court's denial of Tatman and Son's trial-related sanctions is irrelevant. And, because we find that the trial court's order granting Vermeer's second summary judgment motion is a nullity, sanctions based the second summary judgment motion, including the request for supplemental briefing and a second, all-expense paid Gardner deposition, are moot.

{¶27} This leaves only the trial court's denial of Tatman and Son's request that the trial court overrule Vermeer's first summary judgment motion. In its response to Tatman and Son's sanctions motion, Vermeer contended that it produced three categories of documents: (1) testing/design documents of the clutch, coupler, and airbox; (2) Caterpillar documents; and (3) photographs taken by Vermeer's expert at a joint inspection in 2014. Vermeer conceded that the failure to produce the photographs was an oversight, but because Tatman and Son's could have attended the joint inspection it could not claim prejudice. Vermeer also argued that documents related to the design/testing of the clutch, coupler, and airbox were not relevant until after the Wellman deposition, because it was only then that issues related to these components were first identified. Moreover, Vermeer argued that the documents had no relevance to its statute of limitation defense and therefore Tatman and Son's were not prejudiced and overruling this motion would be disproportionately severe. Tatman and Son's did not address Vermeer's argument that the additional documents were not relevant to the statute of limitations defense, nor did it explain how it was prejudiced in addressing this defense.

A. Standard of Review

{¶28} As a general matter, "[t]he discovery rules give the trial court great latitude in crafting sanctions to fit discovery abuses." Thus, "[a] reviewing court's responsibility is

merely to review these rulings for an abuse of discretion." " '[A]buse of discretion' [means] an 'unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken.' " "An abuse of discretion includes a situation in which a trial court did not engage in a ' "sound reasoning process." ' "The abuse-of-discretion standard is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." (Citations omitted.) *Gulbrandsen v. Summit Acres, Inc.*, 2016-Ohio-1550, 63 N.E.3d 566, ¶ 31 (4th Dist.). "In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.,* 75 Ohio St.3d 254, 1996-Ohio-159, 662 N.E.2d 1 (1996).

{¶29}  Applying this stringent review, we find no abuse of discretion.

B.  Review of Discovery Sanctions

{¶30} The Ohio Supreme Court has consistently ruled that when imposing a discovery sanction, the court must impose the least severe sanction that is consistent with the purpose of the rules of discovery. As the Ohio Supreme Court noted, not every violation of Civ.R. 26 will call for a drastic remedy. "A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." *City of Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), paragraph two of the syllabus.

{¶31} There is no evidence of willful noncompliance in the record. Although Tatman and Son's served its initial discovery requests on Vermeer in 2013, Vermeer was excused from responding until July 2017 because the trial court denied Tatman and Son's motion to compel discovery and Vermeer was dismissed from the case. And because mediation efforts did not end until August 2017, it appears that none of the parties updated discovery responses until October 2017 – with Tatman and Son's supplementing its responses even later in October than Vermeer.

{¶32} Tatman and Son's argues that Vermeer should have included certain categories of the supplemental documents with Gardner's deposition. Yet Tatman and Son's deposition notice for Gardner was served on March 9, 2018 for a March 16, 2018 deposition. Thus, Tatman and Son's deposition notice failed to comply with Civ.R. 30(B)(4). Under Civ.R. 30(B)(4), a deposition notice can include a document production request, but the request must be "made in compliance with Civ.R. 34 for the production of documents," which requires that the deponent be given not less than 28 days to respond. *See* Civ.R.34(B)(1). Although Gardner was given only seven days to compile his responsive documents, Gardner produced a flash drive containing documents and materials at his deposition. Had Tatman and Son's deposition notice complied with the timing requirements in Civ.R. 30(B)(4), Vermeer's deadline for producing documents would have been April 6, 2018. Vermeer's supplemental production occurred on April 17, 2018, only eleven days past the deadline set in Civ.R. 30.

{¶33} Vermeer concedes that the failure to produce the photographs was an oversight. And, despite Vermeer's contention that these documents were not relevant earlier, it appears to us that documents related to the clutch, coupler, and airbox were

relevant and responsive to Tatman and Son's initial document production requests and should have been included in either the October 2017 supplementation or not later than December 2017 when the protective order was in place and expert-related discovery commenced. Here the trial court denied Tatman and Son's motion for sanctions even though it appears that certain documents were responsive to initial discovery requests. However, this case was inactive for three years, due in large part to Tatman and Son's own request for a stay pending appeal. Once reactivated, the parties mediated and did not provide non-proprietary supplemental documents until October 2017. A protective order for proprietary documents did not issue until December 2017. To the extent Vermeer's supplemental documents should have been produced by Gardner, Tatman and Son's deposition notice failed to give adequate response time – Vermeer's production was only eleven days outside the 28-day time period provided in the Civ.R. 30 and 34. Finally, Tatman and Son's has not explained how the documents were relevant to the statute of limitations analysis. Given the wide latitude afforded the trial court and the lack of relevance these documents had to the statute of limitations defense, we find that the trial court did not abuse its discretion in denying Tatman and Son's severe sanction request to overrule Vermeer's first summary judgment motion.

**{¶34}** We overrule Tatman and Son's second assignment of error.

### V. Summary Judgment on Statute of Limitations

### A. Standard of Review

**{¶35}** We review the trial court's decision on a motion for summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. Accordingly, we afford no deference to the trial court's decision and independently review

the record and the inferences that can be drawn from it to determine whether summary judgment is appropriate. *Harter v. Chillicothe Long–Term Care, Inc.*, 4th Dist. Ross No. 11CA3277, 2012-Ohio-2464, ¶ 12; *Grimes v. Grimes*, 4th Dist. Washington No. 08CA35, 2009-Ohio-3126, ¶ 16.

**{¶36}** Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the nonmoving party's favor. Civ.R. 56(C). The party moving for summary judgment bears the initial burden to demonstrate that no genuine issues of material fact exist and that they are entitled to judgment in their favor as a matter of law. *Dresher v. Burt,* 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); *Dresher* at 293, 662 N.E.2d 264. Moreover, the trial court may consider evidence not expressly mentioned in Civ.R. 56(C) if such evidence is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Discover Bank v. Combs*, 4th Dist. Pickaway No. 11CA25, 2012-Ohio-3150, ¶ 17; *Wagner v. Young*, 4th Dist. Athens No. CA1435, 1990 WL 119247, *4 (Aug. 8, 1990). Once that burden is met, the nonmoving

party then has a reciprocal burden to set forth specific facts to show that there is a genuine issue for trial. *Dresher* at 293, 662 N.E.2d 264; Civ.R. 56(E). *Am. Express Bank, FSB v. Olsman*, 2018-Ohio-481, 105 N.E.3d 369, ¶ 10-11 (4th Dist.).

### B. Analysis

**{¶37}** In the previous appeal we reviewed Tatman and Son's second amended third-party complaint against Vermeer and determined that counts two, five and six state a claim for breach of implied warranty in tort and negligence in repair/replacement/installation of the machine and/or engines inside the machine for economic loss – i.e. damages to the value of the alleged defective grinder and consequential damages therefrom. *Caterpillar Fin. Servs. Corp. v. Harold Tatman and Son's Enterprises, Inc.,* 2015-Ohio-4884, 50 N.E.3d 955, ¶ 31-33 (4th Dist.). Tatman and Son's first brought these claims against Vermeer in its amended third-party complaint filed September 30, 2013.

**{¶38}** Vermeer filed a summary judgment motion, arguing that these claims were barred by the two-year statute of limitations in R.C. 2305.10. It contended that Tatman and Son's "damages accrued, at the latest, when the Grinder's engine allegedly failed the second and final time" in June 2011. Vermeer argued that Tatman and Son's amended third-party complaint did not relate back to the original third-party complaint filed February 19, 2013 because Civ.R. 15(C) did not apply. Vermeer was not a party to the original third-party complaint and it argued that Civ.R. 15(C) is limited to situations where a party has been misidentified in the original pleadings – not where an additional party is added while retaining a party against who a claim was asserted in the original pleading.

{¶39} Tatman and Son's opposed the motion, arguing that the accrual date for the statute of limitations was not June 2011. It contended that Vermeer made repairs to the second engine in October 2011 and worked on the installation of a third engine in December 2011. Therefore, Tatman and Son's argued that its claims for negligent repair did not accrue when the engine failed in June 2011, but instead accrued sometime "between October 7, 2011 and December 15, 2011 after [Vermeer] had decided to not return to complaint [sic, complete] the repairs/installation * * * ." Tatman and Son's did not identify a specific accrual date for the statute of limitations. Alternatively, Tatman and Son's argued that even if the statute of limitations accrued in June 2011, the claims in its amended third-party complaint related back to its original third-party complaint filed February 19, 2013 under Civ.R. 15(C). Tatman and Son's argued that it mistakenly believed Vermeer Midwest, Inc. manufactured the grinder and mistakenly sued Vermeer Midwest, Inc. instead of Vermeer.

{¶40} In its reply Vermeer argued that the affidavit and documents Tatman and Son's submitted as evidence that Vermeer made repairs and installations in October and December 2011 were inadmissible under Civ.R. 56 and should be stricken from the record.[3] Alternatively Vermeer argued that this evidence – even if considered – did not establish that Vermeer made repairs or installations in October or December 2011; thus, the evidence failed to establish a later accrual date for the statute of limitations. Vermeer reiterated its argument that Civ.R. 15(C) was inapplicable.

---

[3] Vermeer filed a separate Motion to Strike the affidavit and related documents from the trial court record. The trial court did not explicitly rule on it, so we deem it denied. Thus, the affidavit and related documents are part of the trial court record.

### 1. The Applicable Statute of Limitations

{¶41} Tatman and Son's claims for breach of implied warranty in tort and negligence are governed by the two-year statute of limitations in R.C. 2305.10. *See In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 45 F.Supp.3d 706, 720-721 (2014). Although Tatman and Son's conceded at the trial court level, "There is no dispute that R.C. 2305.10(A) sets for the applicable statute of limitations," it now argues that a four-year statute of limitations may be applicable. However, it cites cases involving real property or real estate damage, which is not at issue here. *See City of Port Clinton v. Elmer Borchardt, Inc.*, 6th Dist. Ottawa C.A. No. OT-85-3, 1985 WL 7592 (Sept. 13, 1985) (applicable statute of limitations for damages to sidewalk concrete was R.C. 2305.09(D), the four year statute of limitations for an action in tort for damages to real estate); *see also Church v. Howard*, 4th Dist. Scioto No. 94CA2245, 1994 WL 687100, *6-7 (Dec. 6, 1994).

{¶42} R.C. 2305.10 provides:

> (A) Except as provided in division (C) or (E) of this section, an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues. Except as provided in divisions (B)(1), (2), (3), (4), and (5) of this section, a cause of action accrues under this division when the injury or loss to person or property occurs.

Thus, Tatman and Son's had two years of when the loss or injury to person or property occurred to bring its claims.

### 2. The Accrual Date

{¶43} Tatman and Son's purchased the machine in May 2009. The engine failed in June 2010, was replaced, and then failed again in June 2011. According to Vermeer Heartland, the Washington Court House dealership, Vermeer Corporation provided a

loaner machine from June 2010 until August 2010 after the first engine failed in June 2010. Vermeer admitted in its answer to the second amended third-party complaint that after the first engine failed, a Vermeer representative was present in May 15, 2010[4] to inspect the machine and observe the installation of the new engine by Caterpillar representatives. Vermeer also admitted that a Vermeer representative inspected the machine and observed a Caterpillar representative install a new engine on November 17, 2010.

**{¶44}** Delbert Tatman[5] testified that Tatman and Son's had no knowledge or information of anyone from Vermeer making any repairs, replacements, installation or other work on the machine or the engines. Instead Tatman testified that Caterpillar provided both of the replacement engines after each failure. Tatman testified that he never had any communications with anyone at Vermeer and had no knowledge of anyone else at Tatman and Son's communicating with Vermeer during any of the relevant time periods. Vermeer's interrogatory responses likewise stated that Vermeer did not perform any repair work on the machine nor did Vermeer work on any of the engines.

**{¶45}** Delbert Tatman testified that Tatman and Son's "felt" that the machine had a design defect only months after it began operating it in 2009 and that by June 2010, it knew that a defect was causing the failure. *See* Delbert Tatman, Deposition p. 137-138, 142; *see also* Delbert Tatman Affidavit, filed April 26, 2013 (Delbert Tatman identified alleged clutch design defect after June 2010 engine failure). Tatman testified that he

---

[4] The first engine failure allegedly occurred in June 2010, therefore the "May 15" date appears to be a typographical error.

[5] Delbert Tatman was identified by Tatman and Son's as the representative with the most knowledge of a wide range of matters related to the machine and engines, including the "identity of each person or entity who performed any maintenance or repair work other than in house maintenance or repair." (Emphasis sic.) *See* Delbert Tatman Deposition, p. 34, Exhibit 1.

believed that the same defect that caused the failure in the first engine in June 2010 also caused the second engine failure in June 2011.

{¶46} Tatman and Son's submitted under seal an affidavit of counsel Mark D. Tolles, II and documents as evidence that Vermeer performed repairs and installation work in October and December 2011 and argued that the statute of limitations accrued during that time period, not when the second engine failed in June 2011. We have reviewed the affidavit and exhibits. Even if we assume, without deciding, that the affidavit and documents it references are proper evidence under Civ.R. 56(C) and (E), we find that they do not establish what Tatman and Son's contends. Tolles does not claim to have personal knowledge concerning the Ohio CAT sales and service report, nor does he explain how this document is connected, if at all, to Vermeer. The sales and service report does not establish that Vermeer made any repairs or installations in 2011. Likewise, the letter from Caterpillar Insurance Company does not state that Vermeer provided any repairs or installations at any time. Finally, contrary to Tatman and Son's assertions, the email communications between a Vermeer representative and a Vermeer Heartland representative does not establish that Vermeer was involved with the repairs and installation in 2011. Rather, the only logical inference that may be drawn from these communications is that Vermeer was not involved in 2011.

{¶47} Construing the evidence and all inferences therefrom in Tatman and Son's favor, we find that Tatman and Son's claims accrued not later than June 2011, the date the second engine failed, i.e. when the injury or loss occurred under R.C. 2305.10. Vermeer provided a loaner machine from June 2010 to August 2010 and was present to inspect the machine and observe Caterpillar's installation work in 2010.  However, there

is no evidence in the record that Vermeer had any involvement with repairs or installations after November 2010. Additionally, Delbert Tatman testified that Tatman and Son's knew of the alleged defects as early as June 2010 and not later than the second engine failure in June 2011. Thus, Tatman and Son's had until June 2013 to file its complaint against Vermeer.  Because Tatman and Son's did not file its complaint against Vermeer until September 2013, its claims will be barred by the two-year statute of limitations in R.C. 2305.10 unless the September 2013 amended third-party complaint relates back to the original amended complaint filed February 19, 2013.

### 3. Relation Back of Claims under Civ.R. 15(C)

**{¶48}** Ordinarily a new party may not be brought in after the statute of limitations has run on the claim against it. However, Civ.R. 15(C) provides that an amendment changing the party against whom a claim is asserted relates back under certain conditions:

> (C) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

**{¶49}** Civ.R. 15(C) sets forth three requirements that must be met before an amendment "changing the party" can relate back to the original pleading. First, the claim in the amended complaint must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Second, the party sought to be

substituted by the amendment must have received notice of the action "within the period provided by law for commencing the action," so that the party is not prejudiced in maintaining a defense. Third, the new party, "within the period provided by law for commencing the action," knew or should have known that, but for a mistake concerning the proper party's identity, the action would have been brought against the new party.

**{¶50}** "The primary purpose of Civ.R. 15(C) is to preserve actions that, through mistaken identity or misnomer, have been filed against the wrong person." *Littleton v. Good Samaritan Hosp. & Health Ctr.*, 39 Ohio St.3d 86, 101, 529 N.E.2d 449 (1988). The decision whether to allow an amendment to relate back under Civ.R. 15(C) lies within the discretion of the trial court. *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 576, 589 N.E.2d 1306 (1992); *Robinson v. Spurlock*, 4th Dist. Jackson No. 11CA4, 2012-Ohio-1510, ¶ 23. An abuse of discretion is generally more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable. *Id.*; *Estate of Finley v. Cleveland Metroparks,* 189 Ohio App.3d 139, 2010-Ohio-4013, 937 N.E.2d 645, ¶¶ 15-16 (8th Dist.). The trial court found that the claims did not relate back to the original third-party complaint because Tatman and Son's did not substitute Vermeer as a new defendant in place of an original defendant. *See Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 632, 635 N.E.2d 323 (1994). In this case, we find that the trial court did not abuse its discretion in finding the amendment did not relate back to the original third-party complaint.

**{¶51}** Tatman and Son's contends that Vermeer Midwest, Inc. is the dealership that sold it the machine but it "misidentified the manufacturer as Vermeer Midwest, Inc." and "mistakenly believed that Vermeer Midwest, Inc. was the legal name of the

manufacturer" and it "just misidentified the proper legal name of the manufacturer." However, we find no merit to these contentions.

**{¶52}** Delbert Tatman testified that Tatman and Son's knew when it purchased the machine in 2009 that it was manufactured by Vermeer Corporation. The equipment registration form and the limited warranty provided to Tatman and Son's and signed by its corporate treasurer, Dwayne Tatman, at the time of purchase identifies the manufacturer as "Vermeer Corporation, Pella IA 50219." The largest font on the warranty states "MANUFACTURED BY: VERMEER CORPORATION, Pella, Iowa 50219 USA" and makes a clear distinction between the manufacturer and the dealership:  "The selling dealer makes no warranty of its own and the dealer has no authority to make any representation or promise on behalf of Vermeer * * * ."  Not only was Tatman and Son's aware that Vermeer was the manufacturer, but during the first year it operated the machine, it traveled to Iowa to Vermeer Corporation to obtain a new screen carriage part that was covered by Vermeer's warranty.

**{¶53}** Thus, we find that Tatman and Son's failure to include Vermeer as the manufacturer was not because of mistaken identity or misnomer -- it has always known that Vermeer Corporation was the manufacturer. *Pottorf v. Sell*, 3rd Dist. Shelby No. 17-08-30, 2009-Ohio-2819, ¶ 20 (the "relations back" theory under Civ.R. 15(C) fails where the original complaint does not contain an actual misnomer or mistake); *Andre v. Chillicothe Jeep Sales, Inc,* 10th Dist. Franklin No. 83AP-780, 1983 WL 3814, *2  (Civ. R. 15(C) "covers cases of misnomer as well as cases of misdescription" and is not be used where plaintiff was well aware of defendant's status prior to the institution of the lawsuit.) "A mistake of party does not exist merely because a 'party who may be liable for conduct

alleged in the original complaint was omitted as a party defendant.' " *Beavercreek Local Schools, v. Basic, Inc.*, 71 Ohio App.3d 669, 595 N.E.2d 360 (2d Dist. 1991), quoting *Jenkins, infra*. Because Tatman and Son's failure to name the manufacturer Vermeer in their original third-party complaint was not the result of some mistake concerning the identity of the proper party as required by Civ.R. 15(C), the amended third-party complaint does not relate back to the original. *See generally, Pottorf, supra; Beavercreek, supra; Jenkins v. Carruth*, 583 F.Supp. 613, 616 (E.D.Tenn.1982), *aff'd,* 734 F.2d 14 (6th Cir.1984); *McInerney v. Harvey*, 5th Dist Licking No. 01CA29, 2001 WL 1000992, *2 (Aug. 24 2001) ("The plain language of the rule relates to the substitution of a proper party for one previously misidentified in the original complaint. The concluding clause of Civ.R. 15(C) provides further support for this view in as much as it refers to a mistake regarding the identity of the proper party in the original pleading.").

**{¶54}** Moreover, even if we were to accept Tatman and Son's claim of mistaken identity, Tatman and Son's cannot add Vermeer and have claims asserted against Vermeer relate back while still maintaining claims against Vermeer Midwest, Inc. *See Kraly v. Vannewkirk,* 69 Ohio St.3d 627, 635 N.E.2d 323 (1994). Facing a similar procedural situation, the Eighth District analyzed *Kraly* and held that Civ.R. 15(C) does not allow a plaintiff's claims to relate back where the plaintiff seeks to add rather than substitute a new party. The court reviewed Civ.15(C), *Kraly* and the developments following *Kraly* in the following analysis:

> In 1994, the Ohio Supreme Court clarified that Civ.R. 15(C) may not be used to add a party to a cause of action. *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 635 N.E.2d 323. In *Bykova v. Szucs*, Cuyahoga App. No. 87629, 2006-Ohio-6424, * * * we noted that historical case law and "[a] review of Civ.R. 15(C) suggests that it is limited to an amended pleading changing the party against whom a claim is asserted." *Id.* at ¶ 4. Civ.R. 15(C) does

not allow for the adding of a new party to an original action under the relation-back doctrine after the statute of limitations has expired. *Bykova.* "When a new party is added, a new cause of action is created and will not relate back to the date of filing the original action for statute of limitations purposes." *Id.* at ¶ 4.

Although some courts have allowed substitution of a party after the applicable statute of limitations has expired, it is only when the design is to substitute a party to correct a misnomer or to resolve minor errors. *State Farm Mut. Auto. Ins. Co. v. Sandhu Auto Mechanic, Inc.* (Oct. 16, 1986), Cuyahoga App. No. 51218, 1986 WL 11655. The common misnomer case is concerned with substituting a middle initial or substituting "incorporation" in place of "company." *Id.*

Recently, we reiterated that Civ.R. 15(C) may not be used to add a new party to a case. In *Roche v. On Time Delivery Servs. Inc.*, Cuyahoga App. No. 94036, 2010-Ohio-2358, 2010 WL 2136656, the plaintiff appealed the trial court's denial of his motion to amend his pleading to change the name of the defendant from On Time Delivery Services to On Time Delivery and to add the administrator of the Ohio Bureau of Workers' Compensation as a new-party defendant. While we found that the trial court erred in disallowing Roche to amend his complaint to rename the delivery company, we upheld the court's decision to deny Roche the opportunity to add the administrator to the suit. We noted that "[w]hen courts state that 'a new party' cannot be added, they do not mean that the original party cannot be substituted with a new party." *Id.* at ¶ 31. " 'Civ.R. 15(C) may be employed to substitute a party named in the amended pleading for a party named in the original pleading to permit the amended pleading to relate back to the date of the original pleading, provided the requirements of the rule are otherwise satisfied. * * * However, the rule may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading.' " *Id.,* quoting *Kraly,* 69 Ohio St.3d 627, 635 N.E.2d 323, paragraph one of the syllabus. Thus, pursuant to *Kraly,* a court may substitute an incorrectly named defendant with the correct one, but may not allow an additional party into the action. *Id.*

Likewise, in this case, the trial court should have prohibited the Finleys from adding the city to the case pursuant to Civ.R. 15(C). The Finleys were not substituting the city for the Metroparks as part of a minor error; instead, the Finleys were adding the city as a new party defendant while retaining their cause of action against the Metroparks. Civ.R. 15 does not allow such an addition.

*Estate of Finley v. Cleveland Metroparks,* 189 Ohio App.3d 139, 2010-Ohio-4013, 937

N.E.2d 645, ¶ 18-21 (8th Dist.). Here, Tatman and Son's did not seek to substitute

Vermeer for Vermeer Midwest, Inc., but to add Vermeer while still maintaining claims against Vermeer Midwest. This is exactly what the Court in *Kraly* said cannot be done.

**{¶55}** Tatman and Son's argued that *Kraly* can be distinguished because Tatman and Son's still had claims to assert against Vermeer Midwest and therefore it was not required to substitute Vermeer entirely in place of Vermeer Midwest. Tatman's argument is "Given that Tatmans still had claims against Vermeer Midwest, Inc., in its capacity as the dealer who sold the Grinder, Civ.R. 15(C) did not require Tatmans to fully remove Vermeer Midwest from their Amended Third-Party Complaint."

**{¶56}** We find this argument unpersuasive for two reasons. First, Tatman and Son's cites no authority in support of this interpretation of *Kraly.* Vermeer cites several cases in which this argument was rejected by the appellate court*. See Lenhof v. New York Life Ins. Co.,*1st Dist. Hamilton No.C-9505957, 1997 WL 195445 (Apr. 23, 1997)*; see also McInerney v. Harvey,* 5th Dist. Licking No. 01CA29, 2001 WL 1000992 (Aug. 24, 2001) (plaintiff cannot sue owner of vehicle and then later attempt to add driver, while still maintaining action against vehicle owner).

**{¶57}** Second, we find that the trial court could have, in its discretion, refused to recognize the original third-party complaint. Thus, the amended third-party complaint would have no earlier pleading to which it could relate back. Under Civ.R. 14:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. **The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than fourteen days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action**. (Emphasis added.)

{¶58} According to the record, Tatman and Son's served its original answer on January 30, 2013. It filed its original third-party complaint on February 19, 2013. Because Tatman and Son's filed its original third-party complaint more than 14 days after serving its original answer, it was required to obtain leave from the trial court prior to filing this pleading. There is nothing in the record indicating that Tatman and Son's ever moved for leave to file its original third-party complaint. Thus, the trial court could treat it as a nullity, leaving the amended third-party complaint with nothing to relate back to. *See PNC Bank v. J J Slyman,* 8th Dist. Cuyahoga No. 101777, 2015-Ohio-2951, ¶ 20 (where leave is required to file a pleading, and a party files its pleading without the requisite leave, a trial court may treat it as a legal nullity. A nullity is treated as if it never occurred and, therefore, cannot be corrected. Thus, the remedial functions of Civ.R. 15(C) do not apply where original pleading is a nullity).

{¶59} For these reasons, we find that Tatman and Son's amended third-party complaint does not relate back to the original third-party complaint under Civ.R 15(C) and Tatman and Son's claims against Vermeer are barred by the two-year statute of limitations in R.C. 2305.10(A).

{¶60} Tatman and Son's first assignment of error is overruled and the judgment of the trial court granting Vermeer's first summary judgment motion is affirmed.

## VI. CONCLUSION

{¶61} The trial court did not abuse its discretion when it denied Tatman and Son's motion for discovery sanctions. Tatman and Son's claims against Vermeer are barred by

the statute of limitations and its amended third-party complaint does not relate back to the original third-party complaint. We affirm the judgment of the trial court.

                                                    JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
     Michael D. Hess, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**