[Cite as *In re Criminal Charges Against Groves*, 2018-Ohio-1406.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| IN RE: CRIMINAL CHARGES | : | Case No. 17CA9 |
| AGAINST KEVIN T. GROVES | : | |
| AND C. DAVID WARREN, | : | DECISION AND JUDGMENT |
| PURSUANT TO ORC 2935.09 AND | : | ENTRY |
| 2935.10 | : | **Released: 04/05/18** |

_____

APPEARANCES:

Melanie A. Ogle, Rockbridge, Ohio, Pro Se Appellant.

Michael DeWine, Ohio Attorney General, and Christopher L. Kinsler, Assistant
Ohio Attorney General, Columbus, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Melanie A. Ogle appeals the trial court's June 19, 2017 Entry

Dismissing Case and June 27, 2017 Entry which overruled her Motion for

Appointment of Uninterested Special Prosecutor.  Appellant asserts eight

assignments of error which variously challenge the trial judge's failure to recuse

himself in this case and which also challenge the judge's failure to issue a warrant

for the arrest of Kevin T. Groves.  Having reviewed the record, we find no merit to

Appellant's assignments of error.  Accordingly, we overrule the assignments of

error and affirm the judgment of the trial court.

FACTS

{¶2} In 2011, Appellant was convicted of the assault of a peace officer by a jury of her peers in the Hocking County Court of Common Pleas. Her conviction was affirmed.[1] On May 11, 2012, Appellant entered an Alford plea to a charge of criminal damaging, a second-degree misdemeanor. This conviction was also affirmed by this court in the previously-referenced appellate case. Despite conviction by a jury trial and her own plea, in the years since, Appellant has vehemently asserted her innocence. She has filed numerous actions and appeals in which she reiterates her actual innocence and asserts allegations that the law enforcement officials and local government officials in Hocking County have conspired against her to bring about wrongful convictions.

{¶3} In October 2015, Appellant filed an affidavit pursuant to Revised Code 2935.09. The affidavit specifically alleged that Kevin Groves, a former Hocking County sheriff's deputy, and C. David Warren, a Hocking County special prosecutor, had engaged in criminal conduct and that the State was required to file felony charges against them. In an October 27, 2015 entry, the trial court held that: (1) the claims against the deputy were barred by res judicata; and (2) the claims against the prosecutor were barred by sovereign immunity. The trial court denied Appellant a probable cause hearing and dismissed the matter.

---

[1] *See State v. Ogle,* 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, 12CA19, 2013-Ohio-3420.

{¶4} Appellant filed a second affidavit in October 2015, requesting the trial judge recuse himself.  On October 30, 2015, the trial court filed a second entry, setting forth in more detail the basis for the court's October 27, 2015 decision.  In *In re Groves,* 2016-Ohio-4793, 68 N.E.3d 122, (4th Dist.) at ¶10, this court held that the trial court should have referred the matter to the prosecuting attorney for further investigation.  On June 27, 2016, we reversed the judgment of the trial court and remanded for proceedings consistent with the opinion.

{¶5} On July 11, 2016, the trial court referred the matter to the Hocking County Prosecutor "for investigation prior to the issuance of any warrant for Kevin T. Groves and C. David Warren."  On July 28, 2016, Appellee, the State of Ohio, filed a motion to appoint a Special Prosecutor.  On July 29, 2016, the trial court granted the motion.  In August 2016, a Special Prosecutor from the Ohio Attorney General's Office filed a motion to unseal a compact disc containing audio recordings that were attached to Appellant's Affidavit filed in October 2015.  The motion set forth that the Special Prosecutor needed to review the recordings in order to determine whether the requested charges against Groves and Warren were appropriate.  The trial court subsequently granted the Special Prosecutor's motion to unseal.

{¶6} On June 19, 2017, the Special Prosecutor filed a motion to dismiss Appellant's Affidavit, having reviewed the file and the relevant evidence and

finding no grounds to proceed with the criminal charges alleged in the Affidavit. That same day, the trial court filed an Entry Dismissing Case.

{¶7} On June 23, 2017, Appellant filed a Motion for Appointment of Uninterested Special Prosecutor, pointing out that the Ohio Attorney General's Office also represented ODRC director Gary Mohr.  Appellant's motion explained that Director Mohr opposed a petition she had filed for habeas relief, pending in United States District Court, Southern District of Ohio.  Given that both the Special Prosecutor and the attorney representing Mohr were both employees of the Ohio Attorney General's Office, Appellant argued that the Special Prosecutor appointed to review the criminal charges could not have been disinterested.  On June 27, 2017, the trial court overruled Appellant's motion.  This timely appeal of both the Entry Dismissing Case and the Entry which overruled her motion followed.

ASSIGNMENTS OF ERROR

"I. JUDGE JOHN T. WALLACE FAILED TO RECUSE HIMSELF FOR A PREJUDICIAL CONFLICT OF INTEREST IN A CASE INVOLVING MELANIE A. OGLE SINCE HE PERSONALLY INITIATED AN INVESTIGATION WITH THE HOCKING COUNTY SHERIFF AGAINST MELANIE A. OGLE FALSELY ACCUSING HER OF ENGAGING IN THE UNAUTHORIED PRACTICE OF LAW, AND ADDITIONALLY, JUDGE JOHN T. WALLACE PERSONALLY FILED A COMPLAINT WITH THE OHIO DISCIPLINARY COUNSEL AGAINST MELANIE A. OGLE FALSELY ACCUSING HER OF ENGAGING IN THE UNAUTHORIZED PRACTICE OF LAW.

II. THE TRIAL COURT ERRED IN FAILING TO ISSUE A WARRANT FOR ARREST OF KEVIN T. GROVES UPON THE FILING OF MELANIE A. OGLE'S AFFIDAVIT AS PROVIDED BY ORC (Sic.) 2935.09, CHARGING THE COMMISSION OF FELONY ACTS WITH ATTACHED EVIDENCE OF THE SAME, AND WHICH PROVIDED SUFFICIENT FACTS AND EVIDENCE TO ESTABLISH GOOD FAITH AND MERIT.

III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR APPOINTMENT OF AN UNINTERESTED SPECIAL PROSECUTOR, AND FAILING TO APPOINT A DISINTERESTED SPECIAL PROSECUTOR, IF IT HAD REASON TO BELIEVE THAT MELANIE A. OGLE'S AFFIDAVIT WAS NOT FILED IN GOOD FAITH, OR THE CLAIM IS NOT MERITORIOUS.

IV. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S AFFIDAVIT UPON MOTION OF A NON-DISINTERESTED SPECIAL PROSECUTOR.

V. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S AFFIDAVIT WITHOUT ANY RECORD OF ANY ACTUAL INVESTIGATION OF THE FACTS PRESENTED IN HER AFFIDAVIT AND THE AUTHENTICITY OF MELANIE A. OGLE'S EVIDENCE.

VI. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S AFFIDAVIT WITHOUT ANY REVIEW OF EVIDENCE AND TESTIMONY PRESENTED DURING A GRAND JURY SESSION REFERENCED IN APPELLANT'S AFFIDAVIT.

VII. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S AFFIDAVIT PARTICULARLY AS IT PERTAINED TO KEVIN T. GROVES, ON JUNE 19, 2017, APPROXIMATELY 11 DAYS AFTER ASSISTANT ATTORNEY GENERAL CHRISTOPHER L. KINSLER ON BEHALF OF THE STATE, ENTERED INTO A PLEA BARGAIN WITH KEVIN TO GROVES IN CASE NO. 13CR0249, REPRESENTED BY TIMOTHY P. GLEESON, WHO WAS THE SAME SPECIAL PROSECUTOR SELECTED BY FORMER HOCKING COUNTY

PROSECUTING ATTORNEY FETHEROLF TO RE-PROSECUTE MELANIE A. OGLE IN CASE NO. 09CRP0125, WHEREIN KEVIN T. GROVES WAS CALLED AS A WITNESS FOR THE STATE AGAINST MELANIE A. OGLE.

VIII. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S AFFIDAVIT WITHOUT ANY SPECIFICITY GIVEN IN REGARD TO A CONCLUSORY ASSERTION IN A MOITON TO DIMISS BY THE STATE, THAT IT 'CAN FIND NO GROUNDS TO PROCEED WITH THE CHARGES ALLEGED IN THE AFFIDAVIT' UPON WHICH THE TRIAL COURT BASED ITS DISMISSAL."

## LEGAL ANALYSIS

{¶8} The State's motion to dismiss Appellant's Affidavit does not specify the Civil Rule under which dismissal was sought. Under this factual and procedural background, we construe the motion as a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See State ex rel. Rice v. Wolever*, 2nd Dist. Greene No. 15CA0031, 2016-Ohio-320, ¶ 4. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Brown v. Nusbaum,* 2017-Ohio-797, ¶ 6, quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A court may not grant a motion to dismiss for failure to state a claim upon which relief may be granted unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus; *see also Taylor v. London,* 88

Ohio St.3d 137, 139, 723 N.E.2d 1089 (2000). Furthermore, when considering a

Civ.R. 12(B)(6) motion the trial court must review only the complaint, accepting

all factual allegations as true and making every reasonable inference in favor of the

nonmoving party. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532

N.E.2d 753 (1988); *Estate of Sherman v. Millhon,* 104 Ohio App.3d 614, 617, 662

N.E.2d 1098 (10th Dist.1995); *see also JNS Ents., Inc. v. Sturgell*, 4th Dist. Ross

No. 05CA2814, 2005–Ohio–3200, ¶ 8. The court, however, need not presume the

truth of legal conclusions that are unsupported by factual allegations. *McGlone v.

Grimshaw,* 86 Ohio App.3d 279, 285, 620 N.E.2d 935 (4th Dist.1993), citing

*Mitchell* at 193, 532 N.E.2d 753.

LEGAL ANALYSIS

{¶9} For ease of analysis, we consider Appellant's second, fourth, fifth,

sixth, seventh, and eighth assignments of error jointly. In the first assignment of

error, Appellant generally challenges the trial court's action in failing to issue a

warrant for Groves. In the other assignments of error, she asserts various reasons

in support of her argument that the trial court erred by dismissing her Affidavit.

{¶10} Appellant's Affidavit was brought pursuant to R.C. 2935.09 and R.C.

2935.10. R.C. 2935.09(D) provides: "A private citizen having knowledge of the

facts who seeks to cause an arrest or prosecution under this section may file an

affidavit charging the offense committed with a reviewing official for the purpose

of review to determine if a complaint should be filed by the prosecuting attorney *
* *." A "reviewing official" is a judge, the prosecuting attorney, or a magistrate.
R.C. 2935.09(A). R.C. 2935.09 " 'must be read in pari materia with R.C. 2935.10,
which prescribes the subsequent procedure to be followed.' " *State ex rel. Brown v.
Jeffries,* 4th Dist. Ross No. 11CA3275, 2012-Ohio-1522, ¶¶ 5-7, quoting *State ex
rel. Boylen v. Harmon,* 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, ¶ 6 (per
curiam).

{¶11} Under R.C. 2935.10(A), if the affidavit charges the commission of a
felony, the judge, clerk, or magistrate, "must issue a warrant for the arrest of the
person charged in the affidavit unless the judge, clerk, or magistrate 'has reason to
believe that it was not filed in good faith, or the claim is not meritorious.'
'Otherwise he shall forthwith refer the matter to the prosecuting attorney or other
attorney charged by law with prosecution for investigation prior to the issuance of
warrant.' "*Brown, supra,* at ¶ 8, quoting *Boylan, supra,* at ¶ 6. Under R.C.
2935.10(B) if the affidavit charges the commission of a misdemeanor the judge,
clerk, or magistrate may: "(1) Issue a warrant for the arrest of such person * * * "
or "(2) Issue summons * * * commanding the person against whom the affidavit or
complaint was filed to appear forthwith, or at a fixed time in the future, before such
court or magistrate."

{¶12} In the State's very brief Motion to Dismiss, the State asserted "The State has made a review of the case file and relevant evidence and can find no grounds to proceed with the charges alleged in the affidavit." We observe, and Appellant has pointed out, that the trial court dismissed Appellant's Affidavit the same day the State filed its motion. Appellant was not given an opportunity to respond.

{¶13} A trial court has the discretion to sua sponte dismiss a claim or action pursuant to Civ.R. 41(A)(2), which provides: "Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper." The opposing party to an action is entitled to be heard on the motion. Failure to afford that opportunity can be reversible error. *Logsdon v. Nichols,* 72 Ohio St. 3d 124, 127, 1995-Ohio-225, 647 N.E. 2d 1361, citing *State ex rel. Hunt v. Thompson,* 63 Ohio St.3d 182, 586 N.E.2d 107 (1992). However, "Sua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *Blue v. Ryan,* 8th Dist. Cuyahoga Nos. 106166, 106180, 106181, and 106182, ¶ 4, quoting *State ex rel. Kreps v. Christiansen,* 88 Ohio St.3d 313, 316, 725 N.E.2d 663 (2000), citing *State ex rel. Bruggeman v. Ingraham,* 87 Ohio St.3d 230, 231, 718 N.E.2d 1285 (1999).

**{¶14}** In our recent decision in *Nusbaum, supra,* at ¶ 10, we noted:

"R.C. 2935.10 'affords the reviewing official only two options: 1) issue a warrant or 2) refer the matter to the prosecutor for investigation if there is a belief that the affidavit lacks a meritorious claim.' *State ex rel. Brown v. Jeffries*, 4th Dist. Ross No. 11CA3275, 2012–Ohio–1522, ¶ 9. *After a trial court refers the matter to the prosecutor, there are no additional requirements in R.C. 2935.10 that impose further duties upon the trial court.* (Emphasis added.)"

**{¶15}** In this case, upon remand, the trial court did all that was required by R.C. 2935.10.  By judgment entry of July 11, 2016, the matter was referred to the Hocking County Prosecutor for investigation.  As of July 11, 2016, there were no further duties upon the trial court.

**{¶16}** Given that the Special Prosecutor subsequently found no grounds upon which to proceed with criminal charges, it is obvious that Appellant cannot prevail upon the facts alleged in her Affidavit.  The trial court did not err in dismissing Appellant's Affidavit for failure to state a claim.  Furthermore, no prejudice occurred to Appellant by the court's failure to provide her with notice in order to respond to the State's motion to dismiss.[2]

**{¶17}** For the foregoing reasons, we find no merit to Appellant's second, fourth, fifth, sixth, seventh, and eighth assignments of error.  As such, those errors are hereby overruled.

---

[2] *See Harper v. Neal,* 4th Dist. Hocking No 15CA25, 2016-Ohio-7179, ¶ 21. "See Civ.R. 61 (explaining that court 'must disregard any error or defect in the proceeding" that does not affect a party's substantial rights')."

{¶18} In Appellant's first assignment of error, she asserts the trial judge

should have recused himself for the case. " 'It is well settled that a criminal trial

before a biased judge is fundamentally unfair and denies a defendant due process

of law.' " *State v. Gregory,* 4th Dist. Gallia No. 16CA3, 2016-Ohio-7940, ¶ 12,

quoting *State v. Jackson,* 141 Ohio St.3d 171, 2014–Ohio–3707, 23 N.E.3d 1023, ¶

78, quoting *State v. LaMar,* 95 Ohio St.3d 181, 2002–Ohio–2128, 767 N.E.2d 166,

¶ 34. R.C. 2701.03 establishes procedures for filing an affidavit of disqualification

against a common pleas judge.

{¶19} R.C. 2701.03, Part (A) provides:

"If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, *any party to the proceeding or the party's counsel may file an affidavit of disqualification* with the clerk of the supreme court in accordance with division (B) of this section." (Emphasis added.) *See State v. Dean*, 146 Ohio St. 3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 222.

{¶20} Further, Ohio Constitution, Article IV, Section 5(C) provides: "The

chief justice of the supreme court or any judge of that court designated by him

shall pass upon the disqualification of any judge of the courts of appeals or courts

of common pleas or division thereof." This provision vests exclusive authority in

the chief justice or her designee to pass on disqualification matters. *Dean, supra*, at

¶ 223. *See Beer v. Griffith,* 54 Ohio St.2d 440, 441–442, 377 N.E.2d 775 (1978).

Appellate courts, including the Supreme Court of Ohio, have on occasion routinely addressed the merits of these judicial-bias claims on direct appeal notwithstanding the provision of R.C. 2701.03.

{¶21} However, in contrast to situations that arise during trial, the Supreme Court has also emphatically held that a defendant who could have raised a judicial bias claim in a timely affidavit of disqualification under R.C. 2701.03 to the Chief Justice, but failed to do so, is " ' "foreclosed from bringing such a complaint," ' " on appeal. *See Dean, supra,* at ¶ 223, quoting *State v. Osie,* 140 Ohio St.3d 131, 2014–Ohio–2966, 16 N.E.3d 588, ¶ 65, quoting *State v. Moore,* 93 Ohio St.3d 649, 650, 758 N.E.2d 1130 (2001).  Appellant failed to bring her bias claim, in this particular action, in an affidavit for disqualification under R.C. 2701.03. Therefore, she is "foreclosed from bringing it" on appeal.  Having found no merit to Appellant's first assignment of error, it is hereby overruled.

{¶22} In Appellant's third assignment of error, she asserts the trial court erred in denying her motion for appointment of an uninterested special prosecutor. It is well settled that a trial court loses jurisdiction over a case after issuing the final judgment that resolves all claims before it. *Palmer v. Bowers,* 9th Dist. Lorain No. 15CA010836, 2017-Ohio0-355, ¶ 11. *See, e.g., Fiore v. Larger,* 2nd Dist. Montgomery Nos. 05–CV–6054, 07–CV–8371, 2009–Ohio–5408, ¶ 36.  Thus, after a case has ended, a trial court may not continue to act, absent specific

authority as prescribed by the Ohio Rules of Civil Procedure. *See Allstate Ins. Co. v. Witta*, 9th Dist. Summit No. 25738, 2011–Ohio–6068, ¶ 8.  If a trial court does act outside of the specific post-judgment motions set forth in the civil rules, its ruling will be considered void. *Pitts v. Ohio Dept. of Transp.,* 67 Ohio St.2d 378, 380 (1981); *Kitson v. Gordon Food Serv.,* 9th Dist. Summit No. 15CA0078–M, 2016–Ohio–7079, ¶ 7.

{¶23} However, this assignment of error is rendered moot in light of our finding that after the trial court referred her case to the prosecutor, the trial court discharged its duties and, thus, the trial court did not err in dismissing the complaint.  As such, we will not consider it.

{¶24} For the foregoing reasons, we find no merit to Appellant's eight assignments of error.  As such, they are hereby overruled and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J.:  Concurs in Judgment and Opinion.
Harsha, J.:     Concurs in Judgment Only.

For the Court,


BY:  _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**