[Cite as *Jackson v. Jackson*, 2020-Ohio-3517.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ANGELINA NICOLE JACKSON, | : | APPEAL NO. C-190383 |
| | | TRIAL NO. DR1000267 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| KORY AKIN JACKSON, | : | |
| | | |
| Defendant-Appellant. | : | |

Appeal From:   Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  June 30, 2020

*Angelina Nicole Jackson*, pro se,

*Kory Akin Jackson,* pro se.

**CROUSE, Judge.**

{¶1} Defendant-appellant Kory Jackson appeals the decision of the Hamilton County Court of Common Pleas, Domestic Relations Division, denying his motion to reconsider the magistrate's contempt decision. For the reasons set forth below, we dismiss this appeal.

{¶2} Plaintiff-appellee Angelina Jackson and Kory Jackson dissolved their marriage in 2010. All issues pertaining to the dissolution were resolved by a separation agreement dated April 9, 2010. As it relates to this appeal, the separation agreement provided that Kory would retain the marital home and refinance the mortgage (currently in Angelina's name). The separation agreement further provided that if Kory was unable to secure refinancing, then he would make the monthly mortgage payments and pay the balance in full within four years of the date of the agreement.

{¶3} On July 6, 2018, Angelina filed a motion for contempt alleging that Kory failed to refinance or pay the remaining balance on the mortgage. At the hearing on the motion, Kory testified that he could not obtain refinancing and that he was unable to pay the debt in full. In a decision filed on November 7, 2018, the magistrate found Kory in contempt for his failure to pay the mortgage in accordance with the separation agreement and sentenced him to 30 days in jail. On a separate page in the same November 7 entry as the magistrate's decision, the trial court adopted the magistrate's decision and allowed the timely filing of objections to operate as an automatic stay of the judgment. *See* Civ.R. 53(D)(4)(c)(i).

{¶4} Following the decision and entry, Kory filed a litany of motions. On November 15, Kory filed a motion for reconsideration and a motion to modify the separation agreement on unrelated matters. On November 19, Kory filed an

2

amended motion for reconsideration. On November 20, Kory filed objections to the magistrate's decision. The trial court dismissed the objections on December 17, 2018, due to Kory's failure to file a transcript of proceedings. Kory never appealed the November 7 entry.

{¶5} On January 9, 2019, the magistrate heard the November 15 motion to modify the separation agreement and the November 15 motion for reconsideration. On March 28, 2019, the magistrate issued a decision granting the motion to modify and denying the motion for reconsideration. Kory filed objections relating to the motion for reconsideration. On June 5, 2019, the trial court denied Kory's objections holding that the motion for reconsideration was a legal nullity. Kory timely appealed the June 5 entry.

{¶6} In his sole assignment of error, Kory argues that the trial court erred by failing to determine his motion for reconsideration on the merits. We disagree.

{¶7} A trial court retains continuing jurisdiction to reconsider an order any time prior to the entering of a final judgment. *Phillips v. Mufleh*, 95 Ohio App.3d 289, 293, 642 N.E.2d 411 (6th Dist.1994). Once a final judgment is entered, however, it cannot be reconsidered by the trial court. *In re Criminal Charges Against Groves*, 4th Dist. Hocking No. 17CA9, 2018-Ohio-1406, ¶ 22 ("It is well settled that a trial court loses jurisdiction over a case after issuing the final judgment that resolves all claims before it."). Therefore, motions for reconsideration of a final judgment in the trial court are a nullity. *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981).

{¶8} Pursuant to Civ.R. 53(D)(4)(a), the magistrate's decision is effective when it is adopted by the trial court. Thus, a final judgment is rendered when the trial court adopts the decision or otherwise enters judgment on the decision. *See*

Civ.R. 54 (defining "judgment" as a "written entry ordering or declining to order a form of relief, signed by a judge, and journalized on the docket of the court").

{¶9}    In this case, the trial court adopted the magistrate's decision on the same day that the magistrate held Kory in contempt, November 7, 2018.  Although any objections filed within 14 days of the entry would operate as a stay of the judgment pursuant to Civ.R. 53(D)(4)(c)(i), the November 7 entry was a final judgment not subject to reconsideration.  Therefore, pursuant to *Pitts*, Kory's November 15 motion for reconsideration and November 19 amended motion for reconsideration constituted legal nullities.  The magistrate's March 28 decision and the trial court's June 5 order purporting to rule on such motions were also nullities. *See Fifth Third Bank v. Cooker Restaurant Corp.*, 137 Ohio App.3d 329, 333, 738 N.E.2d 817 (1st Dist.2000) (holding that all judgments flowing from motions for reconsideration after a final judgment are a nullity); *State v. Pewett*, 2016-Ohio-7757, 73 N.E.3d 1108, ¶ 8 (1st Dist.) (same).

{¶10}  Kory never appealed the trial court's November 7 entry adopting the magistrate's finding of contempt.  Instead, Kory appealed from the trial court's June 5 order adopting the magistrate's denial of his motion for reconsideration.  Because Kory did not appeal from a final judgment, we lack jurisdiction over this case and must dismiss the appeal.  *See Pewett* at ¶ 9.  The trial court's November 7 entry adopting the magistrate's contempt decision remains in effect.

Appeal dismissed.

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.