[Cite as *Mehta v. Johnson*, 2022-Ohio-3934.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

TARUN MEHTA,                 :         APPEAL NO. C-220013
                                      TRIAL NO. 19CV-25853
    Plaintiff-Appellee,     :

  vs.                        :         *O P I N I O N.*

MICHELE JOHNSON,             :

    Defendant-Appellant.    :


Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 4, 2022


*Greenberger & Brewer LLP* and *Kevin R. Brewer*, for Plaintiff-Appellee,

*Arnold Law Firm, LLC*, and *George M. Parker*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Defendant-appellant Michele Johnson appeals the judgment of the Hamilton County Municipal Court awarding damages to plaintiff-appellee Tarun Mehta. For the following reasons, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶2} Mehta is the owner of a rental unit at 1418 Covedale Avenue. Johnson rented the unit from plaintiff starting in January 2019. On October 15, 2019, Mehta filed a complaint for forcible entry and detainer against Johnson seeking restitution of the premises. Mehta's complaint also included a second cause of action for damages for unpaid rent, utilities, and physical damage to the premises. On November 7, 2019, Johnson filed an answer and jury demand, and bond was set at $1,000 per month, payable that day and each month thereafter by the fifth day of each month. Subsequently, Johnson tendered her rent bond to the court on November 7 and December 3, 2019, and January 6, February 7, and March 6, 2020.

{¶3} Mehta filed a motion to strike Johnson's jury demand on April 20, 2020, asserting that Johnson failed to tender her rent bond for April. The motion was granted by the trial court, and the case was referred to the magistrate's docket. The magistrate granted Mehta restitution of the premises, and the trial court approved the magistrate's decision and issued a seven-day writ of restitution on July 28, 2020. Johnson was physically evicted from the premises when the writ was executed on August 11, 2020.

{¶4} The trial on damages was held on December 22, 2020, and March 30, 2021. Testimony was presented from Johnson and Mehta's wife and agent, Candace Cliff. Regarding rent and utilities, Cliff testified that a written lease agreement was prepared for Johnson but Johnson never signed the lease, despite being asked

multiple times. She said that the proposed lease listed a monthly rental rate of $1,050 and a security deposit of $1,050, and provided that Johnson was responsible for the water bill. Johnson ultimately moved into the property without signing the lease. Cliff denied that any discussions were had about the unit not looking like the advertised pictures. She said that Johnson paid the first month's rent in full and paid the security deposit. In February 2019, Johnson paid $914 for rent due to an issue with heating that caused Johnson to stay at a hotel. The amount paid reflected the monthly rental amount, minus the cost of the hotel stay. Cliff said that Johnson renegotiated the lease in March and the new agreement was that Johnson would pay $1,000 a month for rent, plus the water bill, except that Johnson could deduct $50 from the water bill if she timely paid her rent. Cliff asserted that Johnson never paid the water bill, despite knowing that she was responsible for the water bill, and only paid $1,000 in March, $2,000 in May, $1,000 in June, $1,000 in July, and $600 in September 2019 toward her rent.

{¶5} Johnson testified that the unit did not look like what was depicted in the photographs online but admitted that she still took occupancy of the premises. She said that the condition of the unit caused her to have "definite trepidation" as to the home and Cliff. Regarding the written lease, Johnson—although initially denying that she was ever presented with a written lease—said that the written lease "kept being adjusted" so she refused to sign until the lease was final. She agreed that she paid $1,050 for the security deposit and $1,050 for the first month's rent. She denied ever making any oral or written agreement as to what the rent would be. When asked if there was an agreement with Cliff for her to pay $1,000 a month for rent, she replied, "There was kind of a pre-agreement, but she never supplied me with a lease." She said that the agreement was that her rent would be "less by $50." When asked if she paid

$1,000 a month for several months after the "pre-agreement," she initially said that she could not remember but then agreed that she did. When asked if she had "a number in mind" that she believed she owed for rent, she said, "I would say that the property was worth half of what she was charging me. At the most I would agree to pay her $500 a month." As to the water bill, she claimed that Cliff agreed to pay the water bill after she told Cliff that she did not want to pay over $1,000 a month. She said that the agreement was that Cliff would pay the water bill and she would pay her rent by the fifth of each month.

{¶6}   In relevant part, regarding damage to the premises, Cliff testified that Johnson caused damage to the garage door to the point that the door was no longer functioning when Johnson vacated the premises. Cliff described an incident where she went to the premises with the police to do a wellness check on Johnson and the garage door "did nothing" when they pushed the button to open the garage door. She claimed that Johnson had blocked the door with something, which caused the door to break. She denied that the police went in through the garage door and said that she ultimately let the police in through a back door. Johnson denied causing damage to the garage door and claimed that the police damaged the garage door "during the weekend when the police tried to break into the house."

{¶7}   On May 14, 2021, the magistrate issued a decision finding that Mehta proved his claim for damages by a preponderance of the evidence and Johnson owed Mehta $12,300 for rent, $1,450.86 for the water bill, and $2,169.96 for physical damage to the premises. Accordingly, after crediting Johnson for her security deposit, the magistrate awarded Mehta $14,870.82 in damages, and ordered the $5,000 held by the clerk of courts be released to Mehta as partial satisfaction of the judgment. Johnson objected to the magistrate's decision but the trial court overruled the

objections and adopted the decision of the magistrate on December 10, 2021. This appeal followed.

## II. Law and Analysis

### A. Assignment of Error and Standard of Review

{¶8} In a single assignment of error, Johnson argues that the trial court erred in overruling her objections to the magistrate's decision and adopting the decision as the judgment of the court. More specifically, Johnson argues the trial court's determinations as to the amount of rent owed, who was responsible for the water bill, and who caused the damage to the garage door were against the manifest weight of the evidence. "When reviewing the manifest weight of the evidence in a civil case, we must determine whether the trial court's judgment was supported by the greater amount of credible evidence, and whether the plaintiff met its burden of persuasion, which is by a preponderance of the evidence." *Risch v. Samuel*, 1st Dist. Hamilton No. C-190159, 2020-Ohio-1094, ¶ 21, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19. In doing so, "[w]e are mindful that, in a bench trial, 'the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Id.*, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

### B. The Damages Award Was Not Against the Weight of the Evidence

#### B1. Unpaid Rent

{¶9} Johnson argues that the trial court's "calculation of rent due" was against the manifest weight of the evidence as Johnson testified that the fair rental value of the premises was only $500 per month, making the total amount of the rent owed $10,000 instead of the $20,000 calculated in the magistrate's decision, which

was adopted by the trial court. The magistrate found that, based on the parties' testimony, it was clear that the agreed upon rental amount was $1,000 per month, making the total amount of rent owed $20,000, and that Johnson was not entitled to an abatement of rent. Johnson argues that this was in error. However, she does not point to any legal authority to support her position or provide any rationale for her contention that she was entitled to pay the fair rental value as opposed to the agreed upon rental amount. *See* App.R. 16(A)(7). She merely points to her testimony that the fair rental value of the premises was $500. At trial, Cliff testified that the parties made an agreement for Johnson to pay $1,000 a month for rent, and Johnson did not deny that such an agreement was made. Rather, she asserted that the agreement was only a "pre-agreement." Yet, no further testimony or evidence was presented of any subsequent agreement that changed the agreed upon rental amount. Accordingly, we cannot hold that the trial court's calculation of damages for unpaid rent was against the manifest weight of the evidence. Therefore, we overrule this portion of the assignment of error.

### B2. Water Bill

{¶10} Johnson argues that the manifest weight of the evidence showed that Mehta was responsible for the water bill. The trial court found that Johnson was responsible for the water bill. At trial, Cliff testified that she made an agreement with Johnson that she would pay the first $50 of the water bill if Johnson paid her rent on time. Cliff also submitted as evidence text messages between the parties. One text message from Cliff to Johnson states, "He doesn't know about the $50. Just leave the water in my name and I can forward you the bill. You can add it to your rent less $50 each month. Does that sound ok?" On the other hand, Johnson testified that Cliff agreed to pay the water bill "period." Because this comes down to a credibility

determination and the trial court was in the best position to view the witnesses and weigh the credibility of their testimony, we cannot say that the trial court's determination that Johnson was responsible for the water bill was against the manifest weight of the evidence. Therefore, we overrule this portion of the assignment of error.

### B3. Damage to the Garage Door

**{¶11}** Johnson argues that the weight of the evidence showed that it was Mehta who caused the damage to the garage door. The trial court found that Johnson was responsible for the damage to the garage door. At trial, Cliff testified that Johnson blocked the garage door from opening, which caused the damage to the garage door. She said that the police merely pushed the button to open the garage door but ultimately entered through a back door when the garage door did not open. Cliff also submitted as evidence an incident detail report for the police call which had a note that said, "ENTR [sic] W [sic] A KEY TO THE BACK DOOR FOR PO." On the other hand, Johnson testified that the police broke the garage door when they came with Cliff to the premises to complete the wellness check on Johnson. Because this comes down to a credibility determination and the trial court was in the best position to view the witnesses and weigh the credibility of their testimony, we cannot say that the trial court's determination that Johnson was responsible for the damage to the garage door was against the manifest weight of the evidence. Therefore, we overrule this portion of the assignment of error

**{¶12}** We note that Johnson argued for the first time at oral argument that the municipal court lacked jurisdiction in this case as the three-day notice to vacate the premises was not properly served. However, the notice to vacate pertains only to the trial court's jurisdiction over the forcible-entry-and-detainer action. *See* R.C. 1923.04; *Ebbing v. Mathis*, 12th Dist. Butler No. CA2012-10-201, 2013-Ohio-2273, ¶ 11.

Although often filed together, a claim for damages is a cause of action separate and apart from a forcible-entry-and-detainer action. *See* R.C. 1923.03 and 5321.12; *Mathews v. Cooper*, 8th Dist. Cuyahoga No. 109974, 2021-Ohio-2768, ¶ 74-77. The judgment before this court is only regarding the cause of action for damages. There is no indication in our record that Johnson ever appealed the trial court's order granting the writ of restitution in the forcible-entry-and-detainer action, which was a final, appealable order. *See, e.g., 9900 Timbers Dr. Invest. LLC v. Li*, 1st Dist. Hamilton No. C-190224, 2020-Ohio-1473, ¶ 6. Further, any argument regarding the forcible-entry-and-detainer action was rendered moot once Mehta regained possession of the premises. *See, e.g., Dixon v. Anderson*, 1st Dist. Hamilton No. C-170418, 2018-Ohio-2312, ¶ 5; *Blank v. Allenbaugh*, 11th Dist. Ashtabula No. 2018-A-0022, 2018-Ohio-2582, ¶ 7.

**{¶13}** For the reasons expressed above, we hold that the trial court's decision on damages was not against the manifest weight of the evidence. Therefore, we overrule Johnson's assignment of error.

### IV. Conclusion

**{¶14}** Having overruled the sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

8