[Cite as *Asbury Woods Senior Apts. v. Render*, 2026-Ohio-1266.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| ASBURY WOODS SENIOR APARTMENTS, | : | APPEAL NOS. | C-250297 C-250298 |
| Plaintiff-Appellee, | : | TRIAL NOS. | 24CV26306 24CV31903 |
| vs. | : | | |
| GLORIA RENDER, | : | *JUDGMENT ENTRY* | |
| Defendant-Appellant. | : | | |

This cause was heard upon the appeals, the records, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are affirmed.

Further, the court holds that there were reasonable grounds for these appeals, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 4/8/2026 per order of the court.**

**By:**_____
       **Administrative Judge**

[Cite as *Asbury Woods Senior Apts. v. Render*, 2026-Ohio-1266.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| ASBURY WOODS SENIOR APARTMENTS, | : | APPEAL NOS. C-250297 C-250298 |
| Plaintiff-Appellee, | : | TRIAL NOS. 24CV26306 24CV31903 |
| vs. | : | |
| GLORIA RENDER, | : | *O P I N I O N* |
| Defendant-Appellant. | : | |


Civil Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: April 8, 2026


*Michael R. Haas*, for Plaintiff-Appellee,

*Gloria Render*, pro se.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Gloria Render appeals the trial court's judgments overruling her objections to the magistrate's decisions awarding plaintiff-appellee Asbury Woods Senior Apartments ("Asbury") damages for late rent, fees, and utility payments.

**{¶2}** In three assignments of error, Render argues that the trial court should have ruled on her motion for reconsideration, excluded evidence that included a forged signature, and dismissed Asbury's damages claim after it dismissed Asbury's eviction claim. We disagree because the trial court (1) lacked jurisdiction to reconsider its final judgment, (2) acted within its discretion by admitting the evidence Render sought to exclude, and (3) properly dismissed Asbury's eviction claim without dismissing its damages claim.

**{¶3}** We overrule Render's three assignments of error and affirm the trial court's judgments.

## I. *Factual and Procedural History*

**{¶4}** In September 2024, Asbury sued to evict Render from rental property that it owned based on past-due rent. Asbury also sought unpaid rent, late fees, "additional amount[s] not yet determined" for repairs, and interest.

**{¶5}** Render answered and raised a counterclaim for damages based on predatory rent increases, "identity fraud, theft, lack of access to 'community' news or information, [and a] lack of access to 'leasing[,]' 'inspection[,]' [and] 'water damage.'" Render also alleged "student loan, auto insurance fraud, renter's fraud, new accounts, tax form or compromised accounts that took place without [her] consent."

**{¶6}** After Render paid Asbury the past-due rent at a hearing in late October 2024, the magistrate dismissed, without prejudice, Asbury's cause of action for forcible entry and detainer.

**{¶7}** Weeks later, Asbury filed a second complaint for eviction and damages involving unpaid rent, late fees, an unspecified amount for repairs, court costs, and interest. Render answered and argued that she did not sign the lease agreement, she deposited the rent payment with the Clerk of Courts, Asbury increased her rent in violation of guidelines issued by the United States Department of Housing and Urban Development ("HUD"), and Asbury owed her an "overpayment refund." Render also asserted a counterclaim seeking $15,000 for insufficient lighting in the apartment, water damage to her furniture, and the apartment's lack of a HUD certification.

**{¶8}** The magistrate dismissed Asbury's eviction claim, continued its "claim for money," consolidated the cases, and scheduled a hearing on the remaining claims and counterclaims.

### *Hearing on Asbury's claims and Render's counterclaims*

**{¶9}** At the hearing, Linda Fox testified that she owned the property that Render leased and that the rental property was neither "HUD housing" nor "subsidized." Fox testified that Render originally signed a one-year lease, which converted into a monthly tenancy in 2024. Asbury increased Render's rent from $950 to $1,075 in January 2025.

**{¶10}** Fox confirmed that Render had vacated the property and returned her keys in January 2025. She testified that Render owed $1,075 for January's rent, $50 for a late fee, and $234.23 for a utility bill that Asbury had paid on Render's behalf, for a total of $1,359.23. Fox clarified that Asbury paid Render's utility bill because the utilities had been turned off in September 2024, and management needed to turn the

4

utilities on in December to protect the plumbing. Asbury credited Render for $500 for her security deposit and agreed that she had overpaid her rent by $200.

{¶11} Fox was not aware of any water damage to Render's furniture. While there were maintenance orders to repair the smoke detectors and dishwasher in Render's apartment, neither issue involved mold or water damage. Moreover, Fox testified that she knew nothing about Render's identity-theft concerns.

{¶12} Render testified that Asbury failed to communicate with her throughout her tenancy. She explained that she was current on her rent when she moved out of the apartment, and "was only late five times." Render admitted that she did not pay $1,075 for her January 2025 rent. According to Render, she moved out of the apartment in June 2024 due to the presence of mold in the apartment. Render asked for $5,000 to hire an attorney and $2,000 for mold and mildew remediation.

{¶13} Render denied signing a "Utility Transfer Responsibility Form" ("Utility Form") that made her responsible for transferring the utilities for the rental property into her name. She explained that the signature was a "fraud" and that she had not received a copy of the document. Render said she paid her utility bill until she moved out in June 2024. Render received a $500 utility bill for December 2024 and January 2025, which was "turned over to a collection agency." Render also described issues with identity fraud that began shortly after she moved into her rental property at Asbury. But Render admitted that she was "not sure" who assumed her identity.

{¶14} The magistrate found that Render "failed to prove any of her counterclaims" and owed Asbury $1,125 for "January rent and late fees," along with $234.23 for the utility bill. After reducing that amount by $700 for Render's security deposit and her overpayment, the magistrate found that Render was liable to Asbury for $659.23 in damages.

**{¶15}** Render objected and argued that the magistrate "did not have ALL the necessary information." Render insisted that there was a "[d]iscrepancy in rent amounts," she had not missed any monthly rent payments, and she was subject to "[e]xploitative monthly rent amounts beyond the Fair Market Rate." The trial court overruled Render's objections, adopted the magistrate's decision, and awarded Asbury $659.23 in damages.

**{¶16}** Render moved for reconsideration. Later, she filed notices of appeal.

## II. Analysis

**{¶17}** On appeal, Render raises three assignments of error. First, she claims that the trial court erred when it did not rule on her motion for reconsideration. Second, she argues that admitting the Utility Form was error because that form contains a "fraudulent signature." Third, she contends that Asbury's claim for damages should have been dismissed along with its eviction claim.

## A. *A trial court cannot reconsider a final judgment*

**{¶18}** In her first assignment of error, Render argues that the trial court erred by not considering her motion for reconsideration of its judgment adopting the magistrate's decision and awarding damages to Asbury.

**{¶19}** It is well established that once a trial court enters final judgment resolving all claims before it, that judgment "cannot reconsidered by the trial court." *Jackson v. Jackson*, 2020-Ohio-3517, ¶ 7 (1st Dist.). Indeed, after a trial court enters such a final judgment, it loses jurisdiction over the case. *Id.*, citing *In re Criminal Charges Against Groves*, 2018-Ohio-1406, ¶ 22 (4th Dist.). So, motions seeking reconsideration of a final judgment resolving all claims at issue are a nullity. *Id.*

**{¶20}** On March 28, 2025, the trial court entered its final judgment, which overruled Render's objections and adopted the magistrate's decision. The March 28

6

judgment disposed of all claims in the action. Three days later, Render moved for reconsideration. But the trial court could not consider her motion. After the trial court entered its final judgment on March 28, 2025, it lacked jurisdiction over the action, including Render's motion to reconsider.

**{¶21}** Therefore, we overrule Render's first assignment of error.

## B. *The trial court did not err by admitting the Utility Form*

**{¶22}** In her second assignment of error, Render challenges the validity of her signature on the Utility Form. She argues there was insufficient proof that she signed that document.

**{¶23}** We review the trial court's judgment adopting the magistrate's decision for an abuse of discretion. *See Ditech Fin. v. Balimunkwe,* 2025-Ohio-4884, ¶ 23 (1st Dist.). Likewise, we review a trial court's decision to admit evidence for an abuse of discretion. *Id*. at ¶ 27.

**{¶24}** When the authenticity of a signature on a piece of evidence is in dispute, Evid.R. 901(B)(3) permits a trier of fact to compare a disputed signature with an authenticated signature and determine the validity of the disputed signature. *See Medina Drywall Supply, Inc. v. Procom Stucco Sys.*, 2006-Ohio-5062, ¶ 7 (9th Dist.); *see also Balimunkwe* at ¶ 53 ("a trier of fact is entitled to compare signatures and make findings based on such comparisons."). The magistrate and trial court, as finders of fact, can "'make a comparison of a known writing by a person with other writings without the assistance of an expert or a lay witness to determine whether all the writings were executed by the same person.'" *Medina* at ¶ 7, quoting *State v. Norwood*, 1991 Ohio App. LEXIS 304, *20 (6th Dist. Jan. 25, 1991).

**{¶25}** The Utility Form includes a signature that matches Render's undisputed signature on several pieces of evidence in the record, including an identity-

theft report that Render filed with the Ohio Secretary of State. So, the trial court did not abuse its discretion in admitting the Utility Form.

{¶26} We overrule Render's second assignment of error.

### C. *The trial court's failure to dismiss part of the action was not error*

{¶27} In her third assignment of error, Render argues that the magistrate should have dismissed Asbury's second cause of action for damages after Render paid her rent in court.

{¶28} The record shows Render paid her rent in court in October 2024. But Render did not file a transcript of that hearing, so we have no way of knowing if she requested a dismissal of Asbury's damages claim. Absent a transcript, we must "presume regularity in the proceedings." *State ex rel. Rimroth v. City of Harrison*, 2022-Ohio-110, ¶ 16 (1st Dist.). Further, Render did not object to the magistrate's decision on the grounds that Asbury's damages claim should have been dismissed along with its eviction claim. Thus, Render forfeited her right to raise that error for the first time on appeal. *See In re $593 United States Currency Seized from Moore*, 2017-Ohio-7330, ¶ 10 (1st Dist.).

{¶29} In any event, Asbury's cause of action for damages was independent of its cause of action for forcible entry and detainer. The only question before the court in a forcible entry and detainer action is "the present right to possess real property." *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 131 (1981). While landlords often file the two causes of action together, the "cause[s] of action [are] separate and apart." *Mehta v. Johnson*, 2022-Ohio-3934, ¶ 12 (1st Dist.). In fact, courts often address damages claims after the eviction action is resolved because, "until an occupant has been evicted and has vacated the premises, a plaintiff cannot know the full extent of . . . damages in the second cause." *Mathews v. Cooper*, 2021-

8

Ohio-2768, ¶ 77 (8th Dist.). Thus, even if Render had preserved this issue for appeal, the trial court was permitted to address Asbury's cause of action for damages after it dismissed the eviction cause of action.

{¶30} We overrule Render's third assignment of error.

### III.  Conclusion

{¶31} We overrule Render's assignments of error and affirm the trial court's judgments.

Judgments affirmed.

**KINSLEY, P.J.,** and **CROUSE, J.,** concur.